**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose CLETO, Defendant–Appellant.**

**No. 91–8559
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 5, 1992.

---

Jose Cleto, pro se.

LeRoy M. Jahn, Stephen G. Jurecky, Asst. U.S. Attys., and Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:

Jose Cleto appeals the district court's denial of his motion for credit on his sentence. Finding no error, we affirm.

Cleto filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, claiming sentence credit under 18 U.S.C. § 3585 for time spent "in custody" during his release on bond pending trial and appeal. The district court denied the motion.

■ The government correctly points out that Cleto's claim should have been filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, as he challenges the execution of his sentence rather than the validity of his conviction and sentence. *See United States v. Gabor,* 905 F.2d 76, 77–78 (5th Cir.1990). The district court had jurisdiction, nevertheless, because Cleto is incarcerated at the La Tuna federal prison camp, which is located in the Western District of Texas. *See Gabor, id.* at 78. Thus, in the interest of efficiency, we will consider Cleto's petition, as it makes no practical difference whether the claim is filed under section 2255 or section 2241. *Id.*

■ Although exhaustion of administrative remedies is a prerequisite to filing a section 2241 petition, *see Gabor,* 905 F.2d at 78 n. 2, the government's brief does not address whether Cleto has exhausted his administrative remedies. The exhaustion requirement thus is waived. *See United States v. Woods,* 888 F.2d 653, 654 (10th Cir.1989); *United States v. Bleike,* 950 F.2d 214, 219 (5th Cir.1991).

■ Cleto's offense was committed in March 1989. Therefore, he is entitled to a sentence credit for any time "spent in official detention prior to the date the sentence commences...." 18 U.S.C. § 3585(b) (effective November 1, 1987).

Title 18 § 3568, the predecessor statute to section 3585, entitled a defendant to sentence credit "for any days spent in custody in connection with the offense or acts for which sentence was imposed." We exclude from the definition of "custody," under section 3568, pretrial release on bail and time spent on bail pending appeal. *United States v. Mares,* 868 F.2d 151, 152 (5th Cir.1989). "Custody" for purposes of section 3568 is "characterized by incarceration"; credit does not accrue on a federal sentence "until the prisoner is received at the place of imprisonment." *Polakoff v.*

*United States,* 489 F.2d 727, 730 (5th Cir. 1974).

Other courts have found case law concerning section 3568 directly applicable to § 3585(b). *See United States v. Insley,* 927 F.2d 185, 186 (4th Cir.1991) (finding that "[f]or the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration"); *United States v. Woods,* 888 F.2d at 655 (no credit allowed under section 3585 for time spent at a halfway house as a condition of release). The *Woods* court noted that although section 3568 refers to "custody" and section 3585 to "official detention," there is "nothing in the language of 18 U.S.C. § 3585 itself or its legislative history to indicate a departure from the precedents decided under the predecessor statute." *Id.* (citing S.Rep. No. 225, 98th Cong., 2d Sess. 128–29, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3311–12).

We agree with these authorities and reject Cleto's contention that he was in "custody" during his release on bond. The district court's dismissal of his petition is AFFIRMED.