**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-41010
Summary Calendar

HAROLD FREDERICK KRUEGER,

Petitioner-Appellant,

VERSUS

W.F. WOODS,

Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CR-C-95-494)
March 28, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, a federal prisoner, sued pro se under 28 U.S.C. §
2241 alleging that legal materials, including a pro se motion under
28 U.S.C. § 2255, were wilfully confiscated from him and
negligently misplaced thereby obstructing his access to the courts
and rendering his continued incarceration unconstitutional.  The
district court dismissed.  We affirm.

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

Appellant's legal materials were wilfully confiscated in connection with his transfer from one institution to another. Marshals took the legal papers from him and they were thereafter inadvertently misplaced.

We construe the dismissal as one pursuant to 28 U.S.C. § 1915(d) because Defendants were not served with the complaint prior to dismissal.

Appellant's complaint does not challenge the legality of his conviction or the validity of his sentence and he is, therefore, not entitled to relief under § 2255. See United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990). Claims which attack the manner in which a sentence is executed are proper under § 2441. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). But relief under this section is available only if custody is in violation of the constitution or laws of the United States. Appellant has not shown that he is in custody in violation of the constitution or laws of the United States and, therefore, denial of relief under § 2241 was appropriate.

The district court did not address Appellant's claim that he was denied access to the courts. Since he is a federal prisoner, and the defendants are federal, not state actors, such claim could be brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The flaw in Appellant's denial of access argument, however, is that, while confiscation of the materials was willing, it was the inadvertent

2

loss of those materials which deprived him of access to the courts. To constitute a constitutional deprivation the impairment of access must be deliberate. <u>Jackson v. Procunier</u>, 789 F.2d 307, 310-11 (5th Cir. 1986). Accordingly, Appellant has failed to state a claim for denial of access to the courts.

AFFIRMED.