IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41035
USDC No. 4:97-CV-354
_____

CECIL RAY PATTERSON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
- - - - - - - - - -

June 14, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cecil Ray Patterson, Texas state prisoner #779579, has moved this court for a certificate of appealability (COA) to challenge his transfer from federal to state custody. Because Patterson's 22 U.S.C. § 2241 petition challenges the execution of his federal sentence, a COA is not required. See 28 U.S.C. § 2253; Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997). His request for COA is therefore DENIED as unnecessary.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No further briefing is necessary to decide this appeal. See Dickinson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980). Section 2241 is the proper habeas remedy if a prisoner challenges the execution of his sentence rather than the validity of his conviction and sentence. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). Patterson, however, cannot obtain the relief he seeks via his § 2241 petition. "[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." Pierre v. United States, 525 F.2d 933, 935-36 (5th Cir. 1976). Although Patterson is currently in state custody, he makes no argument attacking the lawfulness of that confinement, nor does he challenge the validity of his federal sentence. Thus, Patterson's claim is not cognizable in this federal habeas proceeding.

COA DENIED AS UNNECESSARY; JUDGMENT AFFIRMED.