**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-41497
Summary Calendar
_____

CECIL RAY PATTERSON,

Petitioner-Appellant,

versus

KATHLEEN HAWK SAWYER, Director, Federal Bureau of Prisons;
GARY L. JOHNSON, Director, Texas Department of Criminal
Justice, Institutional Division,

Respondents-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(4:98-CV-125)

October 20, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cecil Ray Patterson, a Texas state prisoner, appeals the district court's dismissal of his 28

U.S.C. § 2241 habeas petition for failure to exhaust administrative remedies under 42 U.S.C. 1997e.

Cecil Ray Patterson was convicted of both the federal charge of "felon in possession of a

firearm" and the state charge of attempted capital murder. Patterson was sentenced to a term of 327

month imprisonment in a federal prison. After a state court trial based on the same conduct, he was

sentenced to a life prison term in state custody. The state sentence was to begin after the completion

of the federal sentence. Patterson began serving his federal sentence in 1994. Sometime between

January and May 1997, before the completion of his federal term, he was transferred into state

    [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

custody at the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") where he is currently serving the life sentence pursuant to the state conviction.

Patterson contends that he was unlawfully transferred into state custody before the completion of his federal sentence. He filed a § 2241 petition for a writ of habeas corpus raising various constitutional arguments to challenge the execution of his federal sentence. Adopting a magistrate judge's recommendation, the district court found that Patterson's underlying claims were frivolous and dismissed Patterson's habeas petition without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e. Patterson appeals the district court's ruling. He also moves for appointment of counsel, an expedited ruling on his appeal, and a stay of further proceeding in his appeal until he is no longer in "transit".

In reviewing a district court's dismissal of a habeas petition, we review the district court's findings of fact for clear error but decide any issues of law de novo. *See Barnard v. Collins*, 958 F.2d 634, 636 (5th Cir. 1992).

A challenge to the execution of a federal sentence is properly made by petition for habeas corpus under 28 U.S.C. § 2241. *See United States v. Tubwell,* 37 F.3d 175, 177 (5th Cor, 1994) (finding that defendant's "motion is more properly construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241 because he is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence."); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (finding that petitioner who was seeking sentence credit for time spent "in custody" during his release pending trial should have filed his petitioner under § 2241 rather than § 2255 since he was challenging the execution and not validity of his sentence). Since Patterson repeatedly states that he challenges the execution of his federal sentence and not the conviction (either state or federal) itself, the district court properly found that the § 2241 was the correct petition, but then dismissed Patterson's motion for failure to exhaust his administrative remedies under § 1997e.

42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Respondent Johnson correctly points out that case law applying § 1997e has involved prisoner challenges to the conditions of their incarceration rather than the place of their custody. *See, e.g., Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998) (alleging that prison officials forced inmate to work beyond his physical capabilities); *Powe v. Ennis*, 177 F.3d 393 (5th Cir. 1999) (claiming prison guards failed to protect inmate from another inmate). Even setting aside the text of § 1997e itself, we have specifically held that the PLRA does not apply to §2241 proceedings. *See Davis v. Fechtel,* 150 F.3d 486, 490 (5th Cir. 1998) (addressing whether PLRA's financial screening and assessment requirements applied to § 2241 claims and finding that "[t]he PLRA thus does not apply to section 2241 proceedings."). In *Davis,* noting a split in the circuits on this issue, we found that the PLRA was aimed at discouraging suits involving frivolous challenges to prison *conditions* and that Congress had not intended for the PLRA to apply to habeas petitions. *See id.* In light of this precedent, it appears that the district court erred in denying Patterson's habeas petition for failure to comply with § 1997e.

It is well-settled, however, that we will not reverse a judgment of the district court if it can be upheld on any grounds, regardless of whether the district court specifically relied upon the ground. *See Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997) ("A trial court judgment can be affirmed on appeal for reasons other than that relied upon at the trial level."); *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997) ("We must affirm a judgment of the district court if the result is correct, even if our affirmance is upon grounds not relied upon by the district court."). While the particular statute relied upon by the district court is not applicable to the Patterson's § 2241 petition, this Circuit has held that – independent of § 1997e – a prisoner must exhaust his administrative remedies prior to seeking habeas relief under § 2241. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (finding that while "exhaustion of remedies is a prerequisite to filing a section 2241 petition," requirement was waived where government did not raise issue on appeal); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his

sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons."); *Lundy v. Obsorn,* 555 F.2d 534, 534-35 (5th Cir. 1977) (". . . grievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case."). Here, Patterson is challenging the Bureau of Prison's decision to transfer him to state custody. The propriety of this transfer is properly raised with prison authorities. The district court found that Patterson had not pursued his administrative remedies, and Patterson himself makes no mention of any attempts to pursue administrative relief. As a result, Patterson's habeas petition should be denied. Accordingly, the district court's denial should be AFFIRMED and Patterson's motions for appointment of counsel, expedited ruling, and stay of further proceeding are DENIED.