## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-50792
Summary Calendar

_____

JOHN E. SIGNORELLI,

Plaintiff-Appellant,

versus

L.E. FLEMING, Warden; FEDERAL BUREAU
OF PRISONS; JOHN A. DAWSON; EDWARD F.
REILLY, JR.; JOHN R. SIMPSON;
U.S. PAROLE COMMISSION,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-113-JN

_____

February 23, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

John E. Signorelli, federal prisoner number 49319-079, appeals the district court's denial of his 28 U.S.C. § 2241 petition. The district court did not err in denying relief on Signorelli's trial claims, as they are not within the scope of a § 2241 petition. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990).[1] The district court also did not err in declining to hold an evidentiary hearing on these issues, as these issues were dismissed because they

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court correctly found that it was without the power to construe Si gnorelli's § 2241 petition as a § 2255 petition because it lacked jurisdiction to hear a § 2255 petition from him. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Signorelli was sentenced in the Southern District of Texas, and only the sentencing court has the jurisdiction to hear a § 2255 petition. *See id.*

were brought in the improper proceeding, not on their merits. *See United States v. Tubwell*, 37 F.3d 175, 179 (5ᵗʰ Cir. 1994). Signorelli's objections to the denial of his parole application are abandoned by his failure to raise and argue them in his initial appellate brief. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5ᵗʰ Cir. 1994); *United States v. Prince*, 868 F.2d 1379, 1386 (5ᵗʰ Cir. 1989).

Signorelli has also filed several motions with this court: 1) a motion to enlarge the record on appeal; 2) a motion for production of transcripts; and 3) a motion for clarification and reconsideration. These motions are DENIED.

The judgment of the district court is AFFIRMED.