# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 99-60518
### Summary Calendar

_____

**GREGORY MAYS,**

                                        **Petitioner-Appellant,**

                    **versus**

        **KHURSHID Z. YUSUFF,**

                                        **Respondent-Appellee.**

_____

### Appeal from the United States District Court
### for the Southern District of Mississippi
### (5:99-CV-92-BrS)

_____

May 3, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[1]

    Gregory C. Mays (federal prisoner #84949-01) appeals the dismissal of his 28 U.S.C. § 2241 habeas petition, contending primarily that his § 2241 petition is proper, because a 28 U.S.C. § 2255 petition would be dismissed as successive and, therefore, § 2255 is inadequate or ineffective.[2]

    Mays was convicted in the Northern District of California of conspiring to possess with intent to distribute cocaine, and

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]This case was considered with *Tolliver v. Dobre*, No. 99-41420, ___ F.3d ___ (5th Cir. 2000), which also concerns whether the dismissal of a § 2255 motion as successive makes § 2255 inadequate or ineffective. The opinion in that case is being issued simultaneously with this opinion.

attempting to possess cocaine.  On direct appeal, his conviction was affirmed.  ***United States v. Mays***, Nos. 91-10482, 91-10502, 1993 WL 272467, at *1 (9th Cir. 20 July 1993).

Mays filed a § 2255 motion in July 1994; it was denied.  He filed a second § 2255 motion; it was dismissed.  The Ninth Circuit affirmed the dismissal, holding the motion was repetitive of Mays' direct appeal and an abuse of the writ.  ***United States v. Mays***, Nos. 95-16837, 96-10188, 1996 WL 711433, at *1 (9th Cir. 5 Dec. 1996).

Mays filed a third § 2255 motion that was dismissed by the district court, because Mays had *not* received permission from the Ninth Circuit to file a successive motion.  (Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub. L. No. 104-132, 110 Stat. 1214 (1996), permission must be received from a court of appeals to file a successive § 2255 motion.  28 U.S.C. § 2244(b)(3)(A).)  The Ninth Circuit affirmed the dismissal.  ***United States v. Mays***, Nos. 98-10163, 98-10204, 1999 WL 191386, at *1 (9th Cir.), *cert. denied*, ___U.S.___, 119 S.Ct. 2057 (1999).

Mays next filed the § 2241 petition in issue in the Southern District of Mississippi.  The district court dismissed the petition, because Mays had *not* demonstrated that § 2255 was inadequate or ineffective as a remedy.  Therefore, § 2241 was unavailable to collaterally attack the validity of Mays' conviction.

Section § 2255 is the primary means of collaterally attacking a federal sentence.  ***Cox v. Warden, Fed. Detention Ctr.***, 911 F.2d

- 2 -

1111, 1113 (5th Cir. 1990). Section § 2241 is used to attack the manner in which a sentence is executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A petition filed under § 2241 which attacks errors that occur at trial or sentencing is properly construed as a § 2255 motion. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131-32 (5th Cir. 1987). Nevertheless, a § 2241 petition which attacks a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective. *Cox*, 911 F.2d at 1113.

Needless to say, a prior unsuccessful § 2255 petition or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 ineffective. *See* *Tolliver v. Dobre*, note 2 *supra*. Mays is attempting simply to circumvent the limitations on filing successive § 2255 motions. Correspondingly, his contention that § 2255 is inadequate or ineffective is without merit.

In the alternative, Mays contends his § 2241 petition should be transferred to the Northern District of California. A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. 28 U.S.C. §§ 1404, 1406. "The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

The Northern District of California lacks jurisdiction over Mays' § 2241 petition. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). And, if the petition is construed as a § 2255 motion,

Mays' lack of success in § 2255 proceedings in California suggests that any transfer of a § 2255 motion would lead to yet another dismissal.  Accordingly, the district court did *not* abuse its discretion in refusing the transfer.

*AFFIRMED*