**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 1, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11049
Summary Calendar

RENE R. BELASCO,

Petitioner-Appellant,

versus

JOSEPH BIDDEN; BUREAU OF PRISONS; JOHN/JANE DOE,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CV-165
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Rene R. Belasco (Belasco), federal prisoner no. 15787-053, is serving a 216-month sentence for a drug-trafficking conspiracy. Belasco filed suit under 28 U.S.C. § 2241 complaining that the Bureau of Prisons (BOP) is calculating his good-time credits in a manner contrary to 18 U.S.C. § 3624(b) and thus depriving him of earned good-time credits without due process of law.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed Belasco's complaint <u>sua sponte</u> on grounds that Belasco has no constitutionally protected right to good-time credits. We review the district court's decision <u>de novo</u>. See <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997).

Although there is no intrinsic constitutional right to good time credit, when the government creates such a right, a prisoner's interest in good time falls within the Fourteenth Amendment's liberty concerns. <u>See</u> <u>id.</u> at 768. We have yet to determine whether a federal statute creates a constitutionally protected interest in good-time credits. <u>See</u> 18 U.S.C. § 3624(b); <u>see also</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 557 (1974) (addressing state statute); <u>Henson v. U.S. Bureau of Prisons</u>, 213 F.3d 897, 898 (5th Cir. 2000) (assuming without deciding). If there is a constitutional interest, Belasco's claim would be properly raised in a 28 U.S.C. § 2241 habeas proceeding. <u>See</u> <u>Davis v. Fechtel</u>, 150 F.3d 486, 490 (5th Cir. 1998); <u>United States v. Cleto</u> 956 F.2d 83, 84 (5th Cir. 1992).

Here, however, the factual record is undeveloped, particularly with regard to the time Belasco has served and the good-time for which he has been credited. In addition, the BOP has not had an opportunity to clarify, for the record, its methods of calculating good-time in general or Belasco's good-time credit in particular. Consequently, the record on appeal is inadequate for us to conduct a meaningful appellate review. Accordingly, we vacate the judgment of the district court and remand the case to that court for further

development of the record.  <u>See</u> <u>Madison</u>, 104 F.3d at 769 (vacating and remanding).

Belasco has filed a motion for appointment of counsel and for consolidation of this case with another case, which he asserts is pending in the Northern District of Texas.  These and any other outstanding motions are denied.

JUDGMENT VACATED AND REMANDED; ALL MOTIONS DENIED.