# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

Lyle W. Cayce
Clerk

No. 10-50248
Summary Calendar

JUAN MANUEL CERVANTE,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CV-15

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Cervante, federal prisoner # 36300-177, filed in the district court a petition under 28 U.S.C. § 2241. He argued that he has been deprived of benefits provided to other prisoners in light of his immigration status, including a possible one-year reduction of his sentence after completion of a drug treatment program under 18 U.S.C. § 3621(e) and placement in a less restrictive facility at the end of his sentence pursuant to 18 U.S.C. § 3624(c). The district court dismissed Cervante's habeas petition for lack of subject matter jurisdiction,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluding that his claims involved the conditions of his confinement and thus should be presented in a civil rights action. Cervante now seeks leave to proceed in forma pauperis (IFP) on appeal in order to challenge the district court's adverse ruling. We grant the motion for leave to proceed IFP. Additionally, given our determination of the subject-matter jurisdiction question, we dispense with further briefing of the merits of Cervante's claims.

Cervante's challenges to his inability to receive a one-year sentence reduction after completion of a drug treatment program and to his ineligibility for placement in a halfway house or other less restrictive confinement designed to prepare a prisoner for reentry into society affect the execution of his sentence. Thus, such claims may be raised under § 2241. *See Rublee v. Fleming*, 160 F.3d 213, 214-17 (5th Cir. 1998); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). As a result, we vacate and remand to the district court for further proceedings.

IFP GRANTED; VACATED AND REMANDED.