# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10740
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2014

Lyle W. Cayce
Clerk

EDNA GORHAM-BEY,

Petitioner-Appellant

v.

WARDEN JODY UPTON, FMC - Carswell,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-214

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Edna Gorham-Bey, federal prisoner # 39381-037, is serving an aggregate 111-month sentence following her convictions on 15 counts of fraud-related charges in the District of Maryland and one count of conspiracy to defraud the Government in the Western District of Pennsylvania. Gorham-Bey appeals the district court's denial and dismissal of her 28 U.S.C. § 2241 petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10740

wherein she challenged the Bureau of Prisons's (BOP) calculation of her sentence. Gorham-Bey's motion to expedite this appeal is DENIED.

Gorham-Bey was convicted in Maryland and began serving a 96-month federal sentence prior to being indicted in Pennsylvania. A writ of habeas corpus ad prosequendum secured her appearance in Pennsylvania, where she remained detained in the county jail until her conviction and sentencing by the Pennsylvania district court. On appeal, she argues that the BOP should have credited the time she spent in the Pennsylvania county jail against the 15-month sentence she received from the Pennsylvania district court. She further argues that the BOP also should have credited against her sentence the time she spent in home detention prior to her conviction and sentencing in the Maryland district court.

We review the district court's findings of fact for clear error and issues of law de novo. *Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011). The period of time for which Gorham-Bey seeks credit against the federal sentence imposed by the Pennsylvania district court was credited against the federal sentence imposed by the Maryland district court; thus, she is not entitled to any additional sentencing credit. *See* 18 U.S.C. § 3585(b). Moreover, Gorham-Bey is not entitled to sentencing credit for any period of pre-trial home confinement because she was not in "official detention" for purposes of § 3585(b). *See United States v. Cleto*, 956 F.2d 83, 84-85 (5th Cir. 1992). Accordingly, the judgment of the district court is AFFIRMED.