David A. PINEDO, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 91-8669
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1992.

David A. Pinedo, pro se.

R. Barry Robinson, Asst. U.S. Atty., El Paso, Tex., for Bureau of Prisons.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:

David Pinedo appeals the denial of his federal prisoner's habeas corpus petition filed pursuant to 28 U.S.C. § 2241. Finding no error, we affirm.

### I.

Pinedo is a federal prisoner serving a forty-one-month sentence imposed in New Mexico in June 1991 for conspiracy to distribute marihuana. He did not appeal but filed a habeas corpus petition under section 2241 requesting credit on his sentence for time spent on bail prior to trial.

### II.

The district court relied upon caselaw interpreting 18 U.S.C. § 3568 (repealed). That law is squarely against Pinedo. Most recently in *United States v. Mares*, 868 F.2d 151, 152 (5th Cir.1989), we stated that,

under section 3568, a federal prisoner is not entitled to credit against his sentence for time spent under restrictive conditions of pretrial release.

In his brief on appeal, Pinedo cites a number of cases, such as *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), that concern the "in custody" definition for purposes of habeas corpus jurisdiction under section 2254. In cases construing section 3568, we have rejected that analogy. *E.g.*, *Mares*, 868 F.2d at 152 (citing *Cochran v. United States*, 489 F.2d 691, 693 (5th Cir.1974)).

Pinedo also cites two other cases, *Reese v. United States*, 76 U.S. (9 Wall.) 13, 19 L.Ed. 541 (1869), and *United States v. Croft*, 450 F.2d 1094 (6th Cir.1971). Their relevance to his arguments is not evident, but neither supports his position. Pinedo also cites to district court cases. Even if, *arguendo*, they supported his position, they would not be binding in light of plain precedent in this circuit. *See Mares*, 868 F.2d at 152.

Section 3568 has been repealed. For persons committing crimes on or after November 1, 1987, and Pinedo is such a person, 18 U.S.C. § 3585(b) governs credit for federal sentences. Further, whereas section 3568 permitted credit only for time spent "in custody" related to the offense, new section 3585(b) permits credit only for time spent in "official detention" related to the offense.

We have not addressed the new statute in this context. We have noted, but have not decided, the issue of whether a claim for credit must be administratively exhausted under the new statute, as the prior statute required. *See United States v. Bleike*, 950 F.2d 214, 217–219 (5th Cir. 1991). That question is now pending before the Supreme Court in *United States v. Wilson*, 916 F.2d 1115 (6th Cir.1990), *cert. granted*, — U.S. —, 112 S.Ct. 48, 116 L.Ed.2d 26 (1991).

Three other circuits have held that the change in language from "in custody" to "official detention" is of no consequence, and that prior law is still applicable. *See*

*United States v. Becak,* 954 F.2d 386, 387 (6th Cir.1992); *United States v. Insley,* 927 F.2d 185, 186 (4th Cir.1991); *United States v. Woods,* 888 F.2d 653, 655 (10th Cir.1989), *cert. denied,* 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990). The First Circuit has noted the question, but confined itself to a determination that "official detention" did not encompass home confinement. *United States v. Zackular,* 945 F.2d 423, 424–25 (1st Cir.1991).

The Eighth Circuit originally held to the contrary, concluding that some restrictive conditions in a halfway house could constitute "official detention." That opinion was vacated by the grant of rehearing en banc, and rehearing was subsequently stayed pending a decision from the Supreme Court in *Wilson. See Moreland v. United States,* 932 F.2d 690, 692–93 (8th Cir.), *vacated,* 1991 WL 66589, 1991 U.S.App. LEXIS 27755 (8th Cir.), *stay granted,* 951 F.2d 166 (8th Cir.1991). The *Moreland* panel relied upon *Brown v. Rison,* 895 F.2d 533, 536 (9th Cir.1990), an opinion that had interpreted former section 3568's "in custody" requirement to include pretrial release under very restrictive conditions in a halfway house.

We now join the circuits that hold that precedent under former section 3568 is applicable to the new statute. We agree with those circuits that there is no meaningful distinction between "in custody" and "official detention." Accordingly, *Mares* still controls the disposition of this case.

AFFIRMED.