**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 91-2433
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WALTER WEATHERSBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

(March 27, 1992)

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

The Defendant-Appellant, who pleaded guilty to unlawful use of a communication facility, argues that the time he was free on bond pending trial should be credited towards the sentence that he eventually received. We have recently rejected an almost identical argument. Pinedo v. United States, slip op. 2914 (5th Cir. Feb. 13, 1992). We therefore affirm the judgment of the district court.

After being indicted, Weathersby was arraigned on December 29, 1989, and released on a personal recognizance bond. On September 25, 1990, Weathersby was arrested because of bond violations, and he was remanded to custody on October 4, 1990. He was eventually sentenced to twenty-seven months in jail, three years of supervised

release, and a special assessment of $50.

Proceeding pro se, Weathersby invoked 28 U.S.C. § 2255, moving to receive credit for the time he was free on bond. Section 2255 is not the appropriate vehicle for such a motion; he should have invoked 28 U.S.C. § 2241. Because he is proceeding pro se, we construe his pleading liberally and consider it a proper motion under § 2241. See United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990). We are able to construe the purported § 2255 motion, which must be filed in the district where the prisoner was convicted, as a § 2241 petition, which must be filed in the district where the prisoner is incarcerated, because in this case the prisoner's district of incarceration is the same as the district of conviction. See id. at 78.

On the merits, however, Weathersby cannot prevail. He bases his argument on 18 U.S.C. § 3585, which provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . ." 18 U.S.C. § 3585(b) (emphasis added). This statute replaced § 3568, which stated: "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." 18 U.S.C. § 3568 (emphasis added); Pinedo, slip op. at 2915. Section 3585 applies to Weathersby because his offense occurred after November 1, 1987. Pinedo, slip op. at 2915.

Notably, the new statute does not refer to the Attorney

2

General. Whether a petitioner must exhaust his administrative remedies -- which Weathersby has failed to do -- before this Court can obtain jurisdiction is an open question under the new statute, and the issue will be decided soon by the Supreme Court. See United States v. Wilson, 916 F.2d 1115 (6th Cir. 1990), cert. granted, 112 S.Ct. 48 (1991) (argued Jan. 15, 1992). We noted the jurisdictional issue without deciding it in United States v. Bleike, 950 F.2d 214, 217-19 (5th Cir. 1991) (collecting cases). Because Weathersby cannot prevail, regardless of whether we have jurisdiction, we pretermit the jurisdictional issue. See Norton v. Mathews, 427 U.S. 524, 532 (1976) ("'In the past, we similarly have reserved difficult questions of our jurisdiction when the case alternatively could be resolved on the merits in favor of the same party.'"), quoted in Texas Employers' Ins. Ass'n v. Jackson, 862 F.2d 491, 497 n.8 (5th Cir. 1988) (en banc), cert. denied, 490 U.S. 1035 (1989).

The reason that Weathersby cannot succeed on the merits is that Pinedo rejected his argument. Weathersby argues, as Pinedo did, that the change in statutory language from "in custody" to "official detention" effected a change in the law. In Pinedo, however, we held that the change in language is of "no consequence." Our precedent decided under former § 3568 remains applicable under the new statute. Pinedo, slip op. at 2915. And our precedent precludes a prisoner from receiving credit for time free on bond. E.g., United States v. Mares, 868 F.2d 151, 152 (5th Cir. 1989).

3

For those reasons, Weathersby cannot prevail.  The judgment of the district court is

AFFIRMED.