IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 95-30117

Summary Calendar

———————————

EDWARD G. ROBICHAUX,

                                            Petitioner-Appellant,

versus

WARDEN, FEDERAL DETENTION
FACILITY,

                                            Respondent-Appellee.

———————————

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-1093)

———————————

(October 20, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Edward G. Robichaux appeals from the United States District
Court's dismissal of his petition for writ of habeas corpus
seeking jail-time credit for time served in a half-way house
prior to the commencement of his term of imprisonment.  We have
jurisdiction, 28 U.S.C. § 2241, and we now affirm.

I.

———————————

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

On February 6, 1992, Robichaux was convicted of three counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 2. The district court released Robichaux on unsecured bond on the condition that he remain at a halfway house pending sentencing. See 18 U.S.C. § 3142(c) (authorizing release subject to conditions). The order of release specified that he was not to leave the house unless he was accompanied by his attorney or was in need of medical treatment. Robichaux willingly accepted these conditions, signing the order of release.

On April 22, 1992, the district court sentenced Robichaux to 57 months imprisonment, such term to begin on June 12, 1992. The court ordered Robichaux, in the interim, to remain at the half-way house pursuant to the terms of the order of release. On June 11, 1992, Robichaux surrendered to federal authorities at the Federal Corrections Institute at Talladega, Alabama.

Soon after commencing his imprisonment, Robichaux petitioned prison officials for credit for the time he had spent at the half-way house. The Bureau of Prisons denied his request. Robichaux appealed to the Regional Director and subsequently to the Administrator for National Inmate Appeals, both of whom rejected his request.

On June 13, 1994, Robichaux filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Louisiana. Robichaux claimed that the BOP's refusal to credit the time he spent in the half-way house towards his term of imprisonment violated 18 U.S.C. § 3585(b), which provides

2

that, in certain circumstances, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." In addition, Robichaux argued that the BOP's refusal to grant him credit for time served in the half-way house violated the equal protection component of the Due Process Clause of the Fifth Amendment to the United States Constitution since other residents of the half-way house who had already begun serving their prison sentences received such credit.

The petition was referred to a magistrate judge, who recommended dismissal of the petition. The magistrate judge concluded that Robichaux's confinement in the half-way house did not constitute "official detention" since that term does not include time spent under restrictive conditions imposed as part of an order of release. The magistrate judge also rejected Robichaux's equal protection argument, concluding that Robichaux was not similarly situated to postsentence residents who were confined under similar restrictions at the half-way house but who received credit for time spent there. The district court adopted the magistrate judge's recommendation and dismissed Robichaux's petition. Robichaux timely appealed.

## II.

Robichaux first claims that he is entitled under 18 U.S.C. § 3585(b) to receive credit for the time he spent in the halfway house prior to the beginning of his imprisonment. We disagree. After the district court rendered its decision, the United States

3

Supreme Court held in Reno v. Koray, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), that time spent in a halfway house prior to the commencement of a federal prison sentence is not "official detention" entitling the detainee for credit for time served there. In Koray, the petitioner, like Robichaux, sought jail-time credit for time spent at a halfway house after conviction but prior to commencement of the federal sentence. We see no difference between this case and Koray, and we reject Robichaux's claim accordingly. See also Pinedo v. United States, 955 F.2d 12, 14 (5th Cir. 1992) (rejecting similar claim under 18 U.S.C. § 3585(b)).

Robichaux next contends that BOP's refusal to credit the time served at the halfway house against his term of imprisonment violates his equal protection rights. Once again, we disagree. Because neither a suspect classification nor a fundamental right is involved, we review the BOP's decision under the rational basis test. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440-42, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To prevail, Robichaux must demonstrate both that he is similarly situated to postsentence halfway house residents who receive credit for time spent at the house, and, if so, that there is no rational basis for withholding credit from Robichaux while granting it to postsentence residents. Id.; Dawson v. Scott, 50 F.3d 884, 892 (11th Cir. 1995).

Robichaux fails to demonstrate that he is similarly situated to residents who are given jail-time credit for the time they

4

spent at the halfway house. Even if presentence and postsentence residents of a halfway house live under similar restrictions, "their divergent legal status negates the possibility that they are similarly situated." United States v. Woods, 888 F.2d 653, 656 (10th Cir. 1989), cert. denied, 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990); see also Rodriguez v. Lamer, 60 F.3d 745, 749 (11th Cir. 1995); Fraley v. United States Bureau of Prisons, 1 F.3d 924, 926 (9th Cir. 1993).

During their time at the halfway house, postsentence residents remain in the custody of the Attorney General. Koray, 115 S.Ct. at 2028. Postsentence residents "are subject to BOP's disciplinary procedures; they are subject to summary reassignment to any other penal or correctional facility within the system; and, being in the legal custody of BOP, the Bureau has full discretion to control many conditions of their confinement." Id. (citation omitted); Woods, 888 F.2d at 656. Moreover, if they attempt to leave, they may be prosecuted for escape. See 18 U.S.C. § 751(a); Dawson, 50 F.3d at 893.

In contrast, presentence residents at the halfway house, such as Robichaux, are in the custody of the proprietors of the halfway house, not in the custody of the Attorney General. Moreland v. United States, 968 F.2d 655, 659-60 (8th Cir.), cert. denied, 113 S.Ct. 675, 121 L.Ed.2d 598 (1992). The court, not the Attorney General, is responsible for disciplining presentence residents who violate the terms of their confinement. The sanctions that the court may impose, which include revoking the

release order, issuing a detention order, and holding the presentence resident in contempt of court, differ from BOP disciplinary measures for unruly postsentence residents. See 18 U.S.C. § 3148(a); Dawson, 50 F.3d 893 & n.23. In addition, presentence residents who leave the halfway house cannot be prosecuted for escape since they are not in the custody of the Attorney General. See United States v. Baxley, 982 F.2d 1265, 1270 (9th Cir. 1992). In short, while Robichaux was required to obey many of the same rules, his legal status at the house differed from that of the postsentence residents, and "it is not the type of detention, but the respective difference in legal status that is dispositive" in determining whether Robichaux was similarly situated to postsentence residents. Dawson, 50 F.3d at 895.

Robichaux responds that the Eleventh Circuit in Johnson v. Smith, 696 F.2d 1334 (11th Cir. 1983), held that presentence residents were similarly situated to postsentence residents and that, therefore, the BOP's decision not to award presentence residents jail-time credit for the time they spent at a halfway house violated their equal protection rights. The Eleventh Circuit, however, has subsequently limited Johnson to its facts. See Dawson, 50 F.3d at 892 n.20. Unlike here, "[i]n Johnson, the government failed to differentiate presentence defendants and postsentence convicts in the district court, gave no reason why postsentence defendants were credited while presentence defendants were not, and conceded that they actually were

6

similarly situated."  Id.  Indeed, the Eleventh Circuit in Dawson retreated from its holding in Johnson and rejected an equal protection argument identical to Robichaux's.

We hold that presentence residents held in a halfway house pursuant to a release order are not similarly situated to postsentence residents and, therefore, the BOP did not violate Robichaux's equal protection rights by failing to award him jail-time credit for the time he spent at the halfway house.

### III.

Neither 18 U.S.C. § 3585(b) nor equal protection require the BOP to grant Robichaux credit for the time he spent at the halfway house prior to the commencement of his federal prison sentence.  We AFFIRM the district court's dismissal of Robichaux's petition.[1]

---

[1]    Robichaux also claims that he should have been notified at the time he signed the release order that he would not be given credit for time served at the halfway house.  Because this contention is raised for the first time on appeal, we do not reach it.