IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60624
Conference Calendar

_____

WELTON ZOLICOFFER,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; DONALD A.
MCKELVY; ATTORNEY GENERAL FOR THE
UNITED STATES OF AMERICA,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:97-CV-153-BrS
--------------------
December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Welton Zolicoffer, formerly federal prisoner # 05145-067 in Mississippi, appeals the district court's denial of two motions to reconsider the dismissal of his 28 U.S.C. § 2241 petition. Zolicoffer was convicted of conspiracy to possess cocaine with the intent to distribute in the United States District Court for the Middle District of Pennsylvania. He argues that the district court abused its discretion by construing his § 2241 petition as a § 2255 motion and dismissing it for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court properly construed Zolicoffer's § 2241 motion as a § 2255 petition since he challenges the validity of his sentence. See United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Solsona v. Warden, F.C.I., 821 F.2d 1129, 1131-32 (5th Cir. 1987). Zolicoffer argues that, since § 2255 is unavailable to him because of his prior unsuccessful § 2255 petitions, he should be allowed to pursue these claims under § 2241. A prior unsuccessful § 2255 motion is not, in and of itself, sufficient to establish the inadequacy or ineffectiveness of the remedy under § 2255. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

While a § 2241 petition must be filed in the district where the prisoner is incarcerated, a § 2255 motion must be filed in the district where the prisoner was convicted. United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). Zolicoffer was sentenced by the district court for the Middle District of Pennsylvania. After the Mississippi district court correctly construed his § 2241 petiton as coming under § 2255, it lacked jurisdiction to decide the § 2255 motion on the merits. Accordingly, the district court did not err by dismissing Zolicoffer's habeas petition for lack of jurisdiction.

Zolicoffer has failed to demonstrate that the district court abused its discretion in denying either of his motions for reconsideration. Because his appeal lacks arguable merit, it is DISMISSED AS FRIVOLOUS. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Zolicoffer is warned that the filing of future frivolous appeals will invite the imposition of

sanctions.  He is cautioned to review any pending appeals to ensure that they do not raise issues which are frivolous.

DISMISSED; SANCTIONS WARNING ISSUED.