IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40994
Conference Calendar
_____

JOSE PADILLA AVENDANO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-57
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Padilla Avendano (Avendano), federal prisoner #337799-008, appeals the district court's dismissal of his purported 28 U.S.C. § 2241 petition. Because Avendano's petition challenged an order by the United States District Court for the District of Arizona, the district court did not err in construing his petition as a 28 U.S.C. § 2255 motion. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000). Avendano has not shown that "the remedy provided for under [28 U.S.C.] § 2255 is inadequate or ineffective to test the legality of his detention."

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citation omitted).  He has not shown that he will raise a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  Because Avendano was convicted and sentenced by the United States District Court for the District of Arizona, the district court for the Eastern District of Texas lacked jurisdiction to consider his 28 U.S.C. § 2255 motion.  See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

    AFFIRMED.