IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41015
Conference Calendar
_____


DAVID SALINAS,

                                        Petitioner-Appellant,

versus

UNITED STATES DEPARTMENT OF JUSTICE;
JOHN ASHCROFT, U.S. Attorney General;
BUREAU OF PRISONS; EARNEST V. CHANDLER, Warden,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-464
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     David Salinas, federal prisoner # 78674-079, filed a
petition for habeas corpus under 28 U.S.C. § 2241 in the Eastern
District of Texas, where he was incarcerated.  He argued that the
Government had breached his 1998 plea agreement.

     The district court correctly construed the petition as a
successive motion under 28 U.S.C. § 2255 because Salinas was
attacking the legality of his conviction and sentence rather than
the manner of execution of his sentence.  The district court also

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

correctly determined that Salinas's case does not fit within the "savings clause" of 28 U.S.C. § 2255 because the remedy under § 2255 is not "inadequate or ineffective."  <u>See</u> 28 U.S.C. § 2255; <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877-78 (5th Cir. 2000); <u>Solsona v. Warden, F.C.I.</u>, 821 F.2d 1129, 1131-32 (5th Cir. 1987).  There is no merit to Salinas's argument that the "savings clause" limitations are unconstitutional under the Suspension Clause, U.S. Const. art. I, § 9, cl. 2.  <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901,n.19 (5th Cir. 2001).  The district court for the Eastern District of Texas properly dismissed Salinas's motion for lack of jurisdiction because Salinas was convicted in the Southern District of Texas.  <u>United States v. Weathersby</u>, 958 F.2d 65, 66 (5th Cir. 1992) (motion under 28 U.S.C. § 2255 must be filed in district of conviction and sentence).

The judgment of the district court is AFFIRMED.