United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50665
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSALINDA LEYVA-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-124-ALL-DB
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Rosalinda Leyva-Garcia was sentenced to serve concurrent terms of 54 months of imprisonment and three years of supervised release after she pleaded guilty to one count of importation of more than 50 kilograms of marijuana and one count of possession with intent to distribute more than 50 kilograms of marijuana. Leyva-Garcia appeals her sentence.

Leyva-Garcia did not file a timely notice of appeal; she filed a motion for an extension of time to file a notice of appeal within the period allowed in FED. R. APP. P. 4(b)(4).

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court denied the motion, and Leyva-Garcia timely appealed from that order. We, however, pretermit consideration of the jurisdictional issue. United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000); United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992) (pretermitting jurisdictional issue where party could not prevail even if jurisdiction existed).

Leyva-Garcia contends for the first time on appeal that the district court's finding that she was responsible for 511 kilograms of marijuana violates Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), as well as her Fifth and Sixth Amendment rights because the finding was not made by a jury and was not based on facts that she admitted. Our review is for plain error. United States v. Infante, ___ F.3d ___, 2005 WL 639619, *13 (5th Cir. Mar. 21, 2005). To demonstrate plain error, Leyva-Garcia must demonstrate an error that is obvious and that affects her substantial rights. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (March 31, 2005).

Although Leyva-Garcia has shown obvious error, she has not demonstrated that the error affected her substantial rights. See Mares, 402 F.3d at 521. She has not shown that the error "'affected the outcome of the district court proceedings'" and that "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Id. (citation omitted).

Accordingly, Leyva-Garcia has not shown plain error, and her sentence is AFFIRMED.  See id. at 520-22.