United States Court of Appeals

Fifth Circuit

**F I L E D**

**September 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40333
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO RIVERA-CERDA, also known as Gabriel Garza
Mejia-Cerda, also known as Sergio Hernandez-Garcia,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:01-CR-249-ALL
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

    Sergio Rivera-Cerda appeals from the sentence imposed
following revocation of his term of supervised release.  Rivera-
Cerda argues that his sentence was clearly unreasonable, both in
terms of its length and the fact that it was to run consecutively
to his other sentence, because:  (1) it was unfair in light of
the relevant facts; (2) the district court failed to give due
consideration to the factors in 18 U.S.C. § 3553(a), as required
by United States v. Booker, 543 U.S. 220 (2005); (3) the district

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court rigidly adhered to the relevant policy statements in the Sentencing Guidelines; (4) it was grossly disproportionate to the crime, thereby violating the Eighth Amendment; and (5) the Sentencing Commission and the Sentencing Guidelines violate the separation of powers doctrine and the due process clause of the Fifth Amendment.

The Government has moved for dismissal of the appeal or for summary affirmance on the ground that this court lacks jurisdiction to consider Rivera-Cerda's appeal under 18 U.S.C. § 3742(a)(4).  Because Rivera-Cerda cannot prevail on the merits of his appeal, we pretermit consideration of the jurisdictional issue.  See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).  The Government's motion for dismissal of the appeal or for summary affirmance is therefore denied.  The Government's alternative request for an extension of time to file an appeal brief is also denied as unnecessary.

The district court properly considered the 18 U.S.C. § 3553(a) factors when imposing Rivera-Cerda's sentence.  See United States v. Gonzalez, 250 F.3d 923, 930 (5th Cir. 2001). Rivera-Cerda's sentence was neither unreasonable nor plainly unreasonable.  See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005).  Moreover, his sentence was not unconstitutionally disproportionate.  See United States v. Sullivan, 895 F.2d 1030, 1031-32 (5th Cir. 1990).

Rivera-Cerda's separation of powers challenge to the Sentencing Commission and the Sentencing Guidelines is foreclosed under <u>Booker</u>.  543 U.S. at 242-43.  Moreover, this court will not consider Rivera-Cerda's due process argument because it was inadequately briefed.  <u>See</u> <u>United States v. Torres-Aquilar</u>, 352 F.3d 934, 936 n.2 (5th Cir. 2003); FED. R. APP. P. 28(a)(9).

AFFIRMED; MOTION FOR DISMISSAL OR SUMMARY AFFIRMANCE DENIED; ALTERNATIVE REQUEST FOR EXTENSION OF TIME DENIED AS UNNECESSARY.