United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10785
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL THOMAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-96-ALL
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges

PER CURIAM:[*]

Michael Thomas appeals the sentence imposed following the revocation of his supervised release.  He contends that pursuant to United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005), sentences, including those imposed upon revocation of supervised release, are reviewed under the reasonableness standard.  Further, he argues that the sentence imposed was unreasonable because it substantially exceeded the recommended range and the district court failed to articulate fact specific reasons for imposing the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has moved for dismissal of the appeal or for summary affirmance on the ground that this court lacks jurisdiction to consider Thomas's appeal under 18 U.S.C. § 3742(a)(4). Because Thomas cannot prevail on the merits of his appeal, we pretermit consideration of the jurisdictional issue. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). The Government's motion for dismissal of the appeal or for summary affirmance is therefore denied. The Government's alternative request for an extension of time to file an appellate brief is also denied as unnecessary.

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of United States v. Booker, 543 U.S. 220 (2005), because Thomas has not shown that his sentence was either unreasonable or plainly unreasonable. See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006). Thomas was subject to a five-year statutory maximum sentence upon revocation of his supervised release on Counts One and Two, and a two-year statutory maximum sentence on Count Four. See 18 U.S.C. §§ 924(a)(2), 3559(a)(1) and (3), 3583(e)(3); 21 U.S.C. §§ 841(b)(1)(A)(iii), 846. The Sentencing Guidelines recommended a prison term of between 7 and 13 months based on Thomas's Grade C violations and his criminal history category of V. See U.S.S.G. § 7B1.4(a). Therefore, the consecutive nine-month terms of imprisonment on each count

followed by concurrent 24-month terms of supervised release on Counts One and Two were within the recommended range and neither unreasonable nor plainly unreasonable.  <u>See</u> <u>Hinson</u>, 429 F.3d at 120; <u>United States v. Gonzalez</u>, 250 F.3d 923, 925-29 (5th Cir. 2001).

AFFIRMED; MOTION FOR DISMISSAL OR SUMMARY AFFIRMANCE DENIED; ALTERNATIVE REQUEST FOR EXTENSION OF TIME DENIED AS UNNECESSARY.