United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-10734
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BETTY PRICE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-114-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Betty Price appeals from the sentence imposed following revocation of her term of supervised release. Price argues that her sentence is unreasonable because it substantially exceeded the advisory guideline range and the district court failed to provide sufficient reasons for the sentence. She requests this court to vacate her sentence and remand the case for resentencing.

The Government has moved for dismissal of the appeal or for summary affirmance on the ground that this court lacks jurisdiction to consider Price's appeal under 18 U.S.C. § 3742(a)(4). Because

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Price cannot prevail on the merits of her appeal, we pretermit consideration of this issue. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). The Government's motion for dismissal of the appeal or for summary affirmance is therefore denied. The Government's alternative request for an extension of time to file an appeal brief is also denied as unnecessary.

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of United States v. Booker, 543 U.S. 220 (2005), because Price has not shown that her sentence was either unreasonable or plainly unreasonable. See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006). Price's sentence, while in excess of the recommended range, was within the statutory maximum sentence that the district court could have imposed. Further, a review of the record demonstrates that the district court considered the relevant sentencing factors. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Therefore, the sentence was neither unreasonable nor plainly unreasonable.

AFFIRMED; MOTION FOR DISMISSAL OR SUMMARY AFFIRMANCE DENIED; ALTERNATIVE REQUEST FOR EXTENSION OF TIME DENIED AS UNNECESSARY.