United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10815
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON RESENDEZ DURAN, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:92-CR-37-8
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ramon Resendez Duran, Jr., appeals the sentence imposed following the revocation of his supervised release. He contends that sentences, including those imposed upon revocation of supervised release, should be reviewed under the reasonableness standard enunciated in United States v. Booker, 543 U.S. (2005). Further, he argues that his sentence was unreasonable because the court did not adequately apply the 18 U.S.C. § 3553(a) factors and, particularly, failed to consider Duran's possession of methadone in the context of his treatment for heroin addiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has moved for dismissal of the appeal or for summary affirmance on the ground that this court lacks jurisdiction to consider Duran's appeal under 18 U.S.C. § 3742(a)(4). Because Duran cannot prevail on the merits of his appeal, we pretermit consideration of the jurisdictional issue. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). The Government's motion for dismissal of the appeal or for summary affirmance is therefore denied. The Government's alternative request for an extension of time to file an appellate brief is also denied as unnecessary.

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of United States v. Booker, 543 U.S. 220 (2005), because Duran has not shown that his sentence was either unreasonable or plainly unreasonable. See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006). Duran was subject to a five-year statutory maximum sentence upon revocation of his supervised release on Count One and to a two-year statutory maximum sentence upon revocation of his supervised release on Count Two. See 18 §§ 3583(e)(3); 3559(a)(1),(4); 21 U.S.C. §§ 841(b)(1)(B)(i), 846. The Sentencing Guidelines recommended a prison term of between 12 to 18 months based on Duran's Grade B violations and his criminal history category of IV. See U.S.S.G. § 7B1.4(a). Therefore, the consecutive 18-month terms of imprisonment on each count were

within the recommended range and neither unreasonable nor plainly

unreasonable.  <u>See</u> Hinson, 429 F.3d at 120; <u>United States v.</u>

<u>Gonzalez</u>, 250 F.3d 923, 925-29 (5th Cir. 2001).

AFFIRMED; MOTION FOR DISMISSAL OR SUMMARY AFFIRMANCE DENIED; ALTERNATIVE REQUEST FOR EXTENSION OF TIME DENIED AS UNNECESSARY