United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-10431
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO ORTIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-64-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

The district court revoked Ernesto Ortiz's supervised release, and he was sentenced to serve 23 months in prison and 36 months on supervised release. Ortiz appeals his sentence. He argues that his sentence is unreasonable because it exceeded the advisory guideline range and because the district court failed to provide sufficient reasons for the sentence. He requests this court to vacate his sentence and remand the case for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has moved for dismissal of the appeal or for summary affirmance on the ground that this court lacks jurisdiction to consider Ortiz's appeal under 18 U.S.C. § 3742(a)(4). In a recent unpublished decision, United States v. Rivera-Cerda, 200 F. App'x 372, 372 (5th Cir. 2006), we pretermitted this question because the merits were clear, citing United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). Weathersby, in turn, relied on Norton v. Mathews, 427 U.S. 524 (1976) for that theory of hypothetical jurisdiction, but the Supreme Court rejected the theory of hypothetical jurisdiction, and distinguished Norton, in Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). Hence we must decide the jurisdictional question.

We plainly have jurisdiction. The Government argues that we lack jurisdiction because Ortiz claims only that his sentence on revocation of release was "unreasonable," not "plainly unreasonable." For this proposition it cites United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995), where we outlined the four bases for jurisdiction to review a sentence, only one of which might apply here: we can review a sentence for plain unreasonableness if there are no sentencing guidelines, as is the case on revocation of supervised release. Post-Booker, of course, we can review sentences - at least post-conviction sentences - for Booker reasonableness, a fact not countenanced in DiMarco. In one published, United States v. Hinson, 429 F.3d 114 (5th Cir. 2005), and three unpublished cases, United States v. Sherman, No. 05-10731, 2007 WL 43419 (5th Cir. Jan. 8, 2007); United States v. Neal, No. 05-20924, 2007 WL 26833 (5th Cir. Jan. 4, 2007); United

States v. Weese, 199 F. App'x 394 (5th Cir. 2006), we have declined to decide whether, post-Booker, we now review sentences on revocation of supervised release for plain unreasonableness or Booker unreasonableness, because all four sentences survived the latter, more exacting standard. We still haven't decided the question. Hence we have *jurisdiction* to review Ortiz's sentence – using one of the two *standards of review* – and we won't require Ortiz to talismanically cite "plain unreasonableness," even were we to conclude that was the appropriate standard, to conclude that we have jurisdiction. As in the four above cases, we have jurisdiction here. The Government's motion for dismissal of the appeal or for summary affirmance is therefore denied.

As in the above cases, however, resolution of the plain unreasonableness/Booker unreasonableness issue is not needed to dispose of this appeal because Ortiz has not shown that he should prevail under the stricter Booker standard. Ortiz's sentence exceeded the recommended guidelines sentence but not the pertinent statutory maximum sentence. Further, a review of the record demonstrates that the district court considered the relevant sentencing factors, most notably Ortiz's persistent use of cocaine. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006); Hinson, 429 F.3d at 120. Consequently, the sentence was neither unreasonable nor plainly unreasonable.

AFFIRMED; MOTION FOR DISMISSAL OR SUMMARY AFFIRMANCE DENIED; ALTERNATIVE REQUEST FOR EXTENSION OF TIME DENIED AS UNNECESSARY.