United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10411
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SINH VAN TA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-28-ALL
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

        Sinh Van Ta appeals his five, consecutive 15-month sentences

imposed following the revocation of his supervised release for

five prior convictions.  The Government has moved for dismissal

of the appeal or for summary affirmance on the ground that this

court lacks jurisdiction to consider Ta's appeal under 18 U.S.C.

§ 3742(a)(4).  Because Ta's challenge to his sentence lacks

merit, we decline to consider this issue.  See United States v.

Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).  The Government's

motion for dismissal of the appeal or for summary affirmance is

---
        * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore denied.  The Government's alternative request for an extension of time to file an appeal brief is denied as unnecessary.

Ta argues that, because the district court based its decision to upwardly depart on his bribery attempt, a fact neither found by a jury nor admitted by Ta, his sentence contravenes the principles set forth in United States v. Booker, 543 U.S. 220 (2005).  For the same reason, Ta also asserts that the district court improperly considered the bribery attempt in its decision to upwardly depart from the recommended guidelines range.

After Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range."  United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Ta was sentenced in April 2006 after the Supreme Court issued its ruling in Booker.  Hence, the district court did not commit error by considering Ta's bribery attempt at sentencing on the revocation of his supervised release.  See Mares, 402 F.3d at 519.

Ta also argues that the extent of the district court's upward departure from three to nine months of imprisonment for each count to 15 months of imprisonment for each count was unreasonable.  The imposed sentences, while in excess of the range indicated by the U.S.S.G. § 7B1.4(a) policy statement, were

within the statutory maximum term of imprisonment.  <u>See</u> 18 U.S.C. § 3583(e)(3).  Ta thus has not shown that his sentence as to each count was either unreasonable or plainly unreasonable.  <u>See</u> <u>United States v. Hinson</u>, 429 F.3d 114, 119-20 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1804 (2006); <u>United States v. Gonzales</u>, 250 F.3d 923, 925-29 (5th Cir. 2001).

Further, a review of the record demonstrates that the district court considered the relevant sentencing factors.  <u>See</u> <u>United States v. Smith</u>, 440 F.3d 704, 707 (5th Cir. 2006); 18 U.S.C. § 3553(a).  Accordingly, Ta's revocation of supervised release and sentence are affirmed.

AFFIRMED; MOTION FOR DISMISSAL OR SUMMARY AFFIRMANCE DENIED; ALTERNATIVE REQUEST FOR EXTENSION OF TIME DENIED AS UNNECESSARY.