United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41123
Summary Calendar

CLIFFORD ALLEN SMITH,

Plaintiff-Appellant,

versus

GEAN LEONARD, Sheriff; GALVESTON COUNTY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-179
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Clifford Allen Smith, Texas prisoner # 184026, appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
complaint against Galveston County Sheriff Gean Leonard and
Galveston County in which he argued that he had slipped and was
injured while exiting the prison shower because Leonard had not
placed nonslip material in the shower exit.

Although the district court did not address Smith's claims
against Galveston County, this jurisdictional issue should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pretermitted because Smith's appeal is frivolous. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

Smith argues on appeal that Leonard, the Galveston County Sheriff's Department, and the County of Galveston acted with gross negligence by failing to place a shower mat in the shower exit.

As to Smith's claims against Leonard, to the extent that Smith is arguing that Leonard merely was negligent in failing to provide a shower mat, negligence does not impose liability under § 1983. See Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996). Smith's brief also may be liberally construed to contend that Leonard's actions violated the Eighth Amendment's prohibition against cruel and unusual punishment. Smith contends that Leonard knew about the slippery conditions in the shower because another inmate had filed a grievance about them, because Leonard had worked in the jail before becoming sheriff, and because the medical infirmary had a nonslip shower exit. Because Smith did not raise the latter two arguments in the district court, he may not raise them for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). As to his first argument, Smith has not shown that there was an Eighth Amendment violation. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

As to Smith's claims against Galveston County, Smith has not shown that an official policy or custom of the County of

Galveston mandated the lack of nonslip shower exits or that the County had any authority to make such a policy. Accordingly, the fact that the district court did not address Smith's claims against the County of Galveston is not reversible error. See FED. R. CIV. P. 61; Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

Smith also contends that he included the Galveston County Sheriff's Department as a defendant in the case when he sued Leonard in his official capacity and added the phrase "ET AL" after Leonard's name. However, because Smith did not name the Sheriff's Department as a defendant in his complaint, he may not raise a new claim against the Sheriff's Department on appeal. See Leverette, 183 F.3d at 342.

Smith's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we dismiss his appeal as frivolous. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Smith's complaint as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996); Smith v. Leonard, No. 3:06-CV-179 (S.D. Tex. June 22, 2006). Smith is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless

he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.