# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-10325
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICHARD KEITH DOYLE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-11

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard Keith Doyle appeals the sentence he received upon revocation of his term of supervised release.  He argues that the sentence is unreasonable because it exceeds the sentencing range recommended by the relevant policy statements in the Sentencing Guidelines and because the district court failed to specify its reasons for the sentence.  The Government has moved to dismiss the appeal or for summary affirmance on the basis that we lack jurisdiction to consider it under 18 U.S.C. § 3742(a)(4).  Because Doyle cannot prevail on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

merits of his appeal, we pretermit consideration of the jurisdictional issue. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

Doyle incorrectly asserts that the district court failed to provide sufficient justification for the sentence. The court stated that it read his background information in the Presentence Report (PSR) and that it considered the evidence, the violation, Doyle's admission of the violation, the arguments of counsel, and the factors set forth in 18 U.S.C. § 3553(a) in determining the sentence. According to the PSR, Doyle has a criminal history of category VI, the result of 12 convictions for crimes such as passing worthless checks, stealing cars, burglary, embezzlement, assault, and possession of cocaine. The PSR also described additional arrests for crimes such as going AWOL from the military, forgery, theft, and child molestation. In announcing the sentence, the district court explained that it considered the policy statements and the recommended sentencing range of 8-14 months, but they "[did] not begin to address" Doyle's conduct. Accordingly, Doyle's 24-month sentence was reasonable and was not imposed in violation of law. See United States v. Hinson, 429 F.3d 114, 119-20 (5th Cir. 2005).

The judgment of the district court is AFFIRMED, and the Government's motions are DENIED.