IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10812
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MAURICIE CASTANEDA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-212-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mauricie Castaneda appeals the 24-month sentence imposed following the revocation of his supervised release term. He contends that pursuant to United States v. Booker, 543 U.S. 220 (2005), and United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005), sentences, including those imposed upon revocation of supervised release, are reviewed under the reasonableness standard. Further, he argues that the sentence imposed was unreasonable because it substantially

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exceeded the recommended range and the district court's reasons for imposing the sentence were insufficient.

The Government has moved for dismissal of the appeal or for summary affirmance on the ground that this court lacks jurisdiction to consider Castaneda's appeal under 18 U.S.C. § 3742(a)(4) and 28 U.S.C. § 1291. Because Castaneda cannot prevail on the merits of his appeal, we pretermit consideration of the jurisdictional issue. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). The Government's motion for dismissal of the appeal or for summary affirmance is therefore denied. The Government's alternative request for an extension of time to file an appeal brief is denied as unnecessary.

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of Booker because Castaneda has not shown that his sentence was either unreasonable or plainly unreasonable. See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 547 U.S. 1083 (2006). Castaneda was subject to a three year statutory maximum sentence upon revocation of his supervised release. See 18 U.S.C. §§ 841(b)(1)(B)(ii), 3559(a)(2), and 3583(e)(3). The Sentencing Guidelines recommended a prison term between three and nine months based on Castaneda's Grade C violations and his criminal history category of I. See U.S.S.G. § 7B1.4(a). Castaneda's sentence, while in excess of the recommended range, was within the statutory maximum sentence that the district court could have imposed. Further, a review of the record demonstrates that the district court considered the advisory guideline sentencing range and the relevant sentencing factors. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Therefore, the sentence was neither unreasonable nor plainly unreasonable. See Hinson, 429 F.3d at 120. Accordingly, the district court's judgment is AFFIRMED. The motions are DENIED.