IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2007**

Charles R. Fulbruge III
Clerk

No. 06-11116
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NOAH ORTEGA

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-10-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Noah Ortega appeals the 20-month sentence imposed following the revocation of his supervised release term. Ortega contends that pursuant to United States v. Booker, 543 U.S. 220 (2005), and United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005), sentences, including those imposed upon revocation of supervised release, are reviewed under the reasonableness standard. Ortega argues that the sentence imposed was unreasonable because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it exceeded the recommended range and the district court's reasons for imposing the sentence were insufficient.

The Government has moved for dismissal of the appeal or for summary affirmance on the ground that this court lacks jurisdiction to consider Ortega's appeal under 18 U.S.C. § 3742(a)(4) and 28 U.S.C. § 1291. Because Ortega cannot prevail on the merits of his appeal, we pretermit consideration of the jurisdictional issue. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). The Government's motion for dismissal of the appeal or for summary affirmance is therefore DENIED. The Government's alternative request for an extension of time to file an appeal brief is DENIED AS UNNECESSARY.

Ortega has not shown that his sentence was either unreasonable or plainly unreasonable. Ortega did not object to any fact findings at his revocation hearing, nor did he object to the reasonableness of his 20-month sentence. His contentions are reviewed for plain error. See United States v. Jones, 484 F.3d 783, 792 (5th Cir. 2007). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991). Ortega therefore cannot demonstrate reversible plain error as to the fact findings of the district court. This court has not required district courts to state specific reasons for departing from advisory guideline ranges when imposing terms of imprisonment on revocation of supervised release. Ortega therefore cannot demonstrate reversible plain error regarding the reasonableness of his 20-month sentence. See Jones, 484 F.3d at 792. The district court's judgment is AFFIRMED.