IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 05-41246
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO TREVINO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-421-2

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ricardo Trevino, federal prisoner # 23504-179, was charged with conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana and possession with the intent to distribute more than 100 kilograms of marijuana. Trevino filed a motion to dismiss the indictment, arguing that (1) the indictment was defective because the one contained in the record was not signed by the grand jury foreperson as required by FED. R. CRIM. P. 6(c) and was signed by the Assistant United States Attorney rather than the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Attorney; and (2) the United States District Court for the Southern District of Texas lacked territorial and subject matter jurisdiction. Trevino brought this interlocutory appeal to challenge the district court's denial of his motion to dismiss. We pretermit addressing the issue whether the order denying Trevino's motion to dismiss the indictment is a final appealable order because Trevino's appeal fails on the merits. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

Under the Sixth Amendment, an indictment must "(1) enumerate each prima facie element of the charged offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions." United States v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996). Even if we assume Trevino's indictment was not signed by the grand jury foreperson, the proper test for determining the validity of the indictment is whether the defendant has been prejudiced by the alleged deficiency. United States v. Steen, 55 F.3d 1022, 1026 (5th Cir.1995). The allegations charged in Trevino's indictment satisfy the minimum constitutional requirements. See 21 U.S.C. §§ 841, 846. Moreover, Trevino does not allege, show, or demonstrate prejudice. He has not claimed that the omission of the foreperson's signature caused him to be unaware of the government's theory of the case or the nature of the charges against him, or that the indictment failed to protect him from future prosecution.

Neither was the indictment defective because it was signed by the Assistant United States Attorney rather than the United States Attorney. RULE 7(c)(1), FED. R. CRIM. P., requires only that the indictment "be signed by an attorney for the government." Trevino offers nothing to show that the Assistant United States Attorney was not "an attorney for the government."

Trevino's jurisdictional challenge to the indictment is also without merit. The district court had jurisdiction in the instant case. See 18 U.S.C. § 3231; 28 U.S.C. § 124; see also United States v. Jackson, 313 F.3d 231, 233 (5th Cir. 2002).

Lastly, the filing of the notice of appeal from the denial of the motion to dismiss did not divest the district court of jurisdiction to try Trevino.  See United States v. Dunbar, 611 F.2d 985, 988 (5th Cir. 1980)(en banc); see also United States v. Hitchmon, 602 F.2d 689, 691 (5th Cir. 1979) (en banc).

AFFIRMED.